```
                  United States District Court
                    District of Massachusetts
_____
                              )
22 Franklin LLC, et al.,      )
                              )
         Plaintiffs,          )
                              )
              v.              )   Civil Action No.
                              )   20-11570-NMG
Boston Water and Sewer Commission, )
et al.,                       )
                              )
         Defendants.          )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a dispute between plaintiffs 22 Franklin LLC ("22 Franklin") and MACCO Construction Corporation ("MACCO") (collectively, "plaintiffs"), on the one hand, and defendants Boston Water and Sewer Commission ("BWSC"), BWSC Chief Engineer John Sullivan ("Sullivan") and BWSC Construction Manager John O'Halloran ("O'Halloran") (collectively, "defendants"), on the other hand, concerning the sewer systems in new residential buildings in Dorchester, Massachusetts ("the Development Project").

On May 10, 2021, this Court entered an Order allowing plaintiffs' unopposed motion for a preliminary injunction requiring BWSC to permit plaintiff to connect the subject property to the municipal water and sewer system. Before plaintiffs submitted language for the proposed preliminary

- 1 -

injunction, however, BWSC sought and was granted leave to file a late opposition to the motion.

For the reasons that follow, the Order allowing plaintiffs' motion for injunctive relief will be vacated and the motion will be denied.

I. **Background**

22 Franklin is a Massachusetts limited liability company which purchased in 2012 a parcel of land in Dorchester, Massachusetts ("the Property") for the purpose of constructing two townhouses with a total of four residential units.  MACCO, a Massachusetts corporation, has served as the general contractor for the Development Project.

Plaintiffs applied for BWSC review and approval of its plan for the Development Project in late 2014.  During its review, BWSC requested that plaintiffs relocate a 12-inch sewer pipe which crossed through the Property.  Plaintiffs agreed to the relocation and provided upon request a color video of the sewer pipe to BWSC for inspection.  After reviewing the video, BWSC determined that the pipe was not up to code and needed to be replaced with a fifteen-inch pipe.  It requested and was granted an easement for the repair and maintenance of the sewer pipe and the easement was recorded in December, 2015, after which BWSC approved the site plan.

During construction, plaintiffs discovered that the sewer pipe was in a different location than previously determined. After plaintiffs proposed leaving the pipe as it was, the parties appear to dispute what happened next. Plaintiffs allege that BWSC refused to release the approved site plan and permits until they relocated and upgraded the sewer pipe. BSWC insists, however, that it agreed to allow plaintiffs to leave the sewer pipe in place as long as plaintiffs drafted a new easement agreement and site plan. According to BSWC, plaintiffs failed to comply.

In any event, the parties agree that BSWC now refuses to permit plaintiffs to connect the Development Project to the water and sewer system. Consequently, plaintiffs filed suit in this Court in August, 2020 and moved for a preliminary injunction in April, 2021 seeking to force defendants to allow them to connect the Development Project to the municipal water and sewer system. Before this Court entered a preliminary injunction, defendants belatedly sought and obtained leave of Court to oppose plaintiffs' motion in May, 2021.

II.  **Motion for a Preliminary Injunction**

   **A. Legal Standard**

In order to obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on

the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007). Out of these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The moving party has a greater burden when it seeks a "mandatory" preliminary injunction that would compel the non-moving party to perform an affirmative act rather than a "negative" injunction that would prevent the non-moving party from engaging in a certain activity for the period before trial. See Braintree Labs, Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 40-41 (1st Cir. 2010). Courts are generally disinclined to issue mandatory preliminary injunctions "unless the facts and the law clearly favor the moving party." L.L. Bean, Inc. v. Bank of Am., 630 F. Supp. 2d 83, 89 (D. Me. 2009).

Ultimately, the issuance of injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)). It should issue "only where the intervention of a court of equity

is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (citation and internal quotations omitted).

### B. Application

#### 1. Likelihood of Success

Although the likelihood of success on the merits inquiry is only the first of four factors, it is the most significant. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (stating that whether the plaintiffs are likely to succeed on the merits is the "sine qua non" of the test for a preliminary injunction).

Plaintiffs have not demonstrated a likelihood of success on the merits on their claims against defendants. They submit that defendants violated their due process rights and unlawfully denied them access to the municipal water system but they provide no support for those claims outside of allegations that defendants "arbitrarily and in bad faith continued to insist upon . . . unreasonable conditions" before approving the site plan. Plaintiffs do not indicate how such conditions were unreasonable in light of BWSC's function to maintain "a sound economical and efficient water supply and . . . sewerage system" and its authority to make contracts and do that which is necessary to carry out its purpose and the powers granted to it.

See Boston Water and Sewer Reorganization Act, St. 1977, c. 436, §§ 1, 6.  Plaintiffs also fail to address whether their due process claims brought pursuant to 42 U.S.C. § 1983 may be barred by the limitations on municipal liability.

In sum, plaintiffs fail to address the merits of their claims against defendants and, therefore, have not demonstrated a likelihood of success on those claims.

### 2. Irreparable Harm

The second factor to evaluate in considering a preliminary injunction is whether the plaintiffs are "likely to suffer irreparable harm in the absence of preliminary relief." Voice of the Arab World, 645 F.3d at 32 (citation omitted).  The movant must demonstrate that its legal remedies are inadequate and it faces "a substantial injury that is not accurately measurable or adequately compensable by money damages." Id. at 18-19 (citation omitted).

Plaintiffs concede that monetary damages generally do not constitute irreparable harm but contend that the damages here "may be subject to the municipal cap" and, therefore, they may not be able to recover for their continuing losses.  Plaintiffs fail to elaborate on the purported municipal cap or its applicability to the instant dispute.  Even if they could demonstrate that money damages would not compensate them

- 6 -

adequately, this factor is not enough to overcome the insufficient showing as to their likelihood of success. See Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 42-43 (1st Cir. 2010) (explaining the "sliding scale" under which irreparable harm is weighed against the likelihood of success on the merits).

### 3. Balance of Hardships and the Public Interest

Finally, the Court is convinced that the balance of hardships and the public interest weigh against the issuance of a preliminary injunction.  There is a strong public interest in the maintenance of public health through functioning water and sewer systems and, even though the subject sewer pipe is not located within the Development Project, defendants persuasively contend that the foundations of the buildings in the project are close enough to the sewer pipe that it could compromise BWSC's ability to conduct repairs.  Ensuring the safety of the public and the structural integrity of the sewer system for other customers of BWSC outweighs plaintiffs' interest in the completion and sale of the units comprising the Development Project.

**ORDER**

In accordance with the foregoing, the Order of this Court allowing plaintiffs' motion for a preliminary injunction (Docket No. 27) is hereby **VACATED** and plaintiffs' motion (Docket No. 25) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated July 15, 2021